IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHER DISTRICT OF OHIO
WESTERN DIVISION

Paul Van Meter,                                        Case No. 3:12CV1805

       Plaintiff

     v.                                              **ORDER**

County of Hancock, et al.,

       Defendant

This is a *pro se* civil rights complaint under 42 U.S.C. § 1983.[1] Plaintiff alleges that the defendants disregarded his critical medical needs while he was in post-arrest detention at the Hancock County, Ohio, Jail. Pending are motions by the defendants (Docs. 60, 61) for summary judgment. (Docs. 60, 61).

For the reasons that follow, I grant the motions.

The Ohio State Highway Patrol stopped plaintiff on December 15, 2011, and detained him at the Hancock County Jail. He remained there through December 20, 2011.

On arrival, plaintiff, an acknowledged substance abuser, complained of severe withdrawal pains. The county has contracted with defendant Corrections Healthcare

---

[1] Shortly after plaintiff filed his complaint, Thomas Sobecki, Esq., accepted assignment as plaintiff's attorney under our court's pro bono program. He later sought on good cause to withdraw, and I granted that motion.

Company to provide needed medical treatment to the jail's inmates. Contract physician Dr. Rioch administered Librium, Bentyl, and Vistaril in response to plaintiff's complaints.

Plaintiff later complained of chest pains. In response, Dr. Rioch first prescribed nitroglycerin, then ordered plaintiff transferred to Blanchard Valley Hospital. The hospital treated plaintiff for minor chest pain and "mild" withdrawal symptoms. Plaintiff was released from jail two days after returning from the hospital.

Plaintiff claims the County's failure to have a detoxification program at the jail caused him to endure cruel and unusual punishment, and constituted deliberate indifference to a drug addict's serious medical needs. *See generally Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

Plaintiff also claims that the defendants discriminated against him on the basis of a disability (drug addiction) under the Americans With Disabilities Act (ADA), 42 U.S.C. § 12132, for denying him a benefit (namely, a detoxification program) due him under the ADA.

Plaintiff has not shown the existence of a genuine issue of material fact on his deliberate-indifference claim. *See* Fed. R. Civ. P. 56(c). He has failed to rebut the medical record, which shows defendants responded timely and adequately to his complaints of withdrawal and chest pains. Indeed, plaintiff's dispute goes only to the extent and quality of care he received. But his subjective view of what treatment was needed and appropriate under all the circumstances is not enough to send this case to a jury. Absent expert opinion, which plaintiff has not provided, his claim of deliberate indifference to his medical needs

fails entirely. *Estelle*, *supra*, 429 U.S. at 107; *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976).

The same is true for his ADA claim. As defendants point out, self-induced addiction is not a disability within the meaning of the statute. *Gerton v. Verizon South Inc.*, 145 F. App'x 159, 164-65 (6th Cir. 2005).

There being no merit to plaintiff's claims against those individuals and officers directly involved in responding to his complaints, there can be no derivative liability as to anyone else. That being so, it is not necessary to consider the defendants' remaining arguments.

It is, accordingly,

ORDERED THAT the motions of the defendants for summary judgment (Docs. 60, 61) be, and the same hereby are granted.

An appeal from this decision would have no plausible merit, could not be taken in good faith, and shall not be allowed without prepayment of the requisite filing fee.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge